**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION**

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal No.: 4:03-474-4 |
| | ) | |
| vs. | ) | |
| | ) | |
| Pretricia Ann Belamy, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

On August 11, 2004, the defendant filed a motion to correct her sentence. This matter is now before the Court for disposition.

In this motion, the defendant alleges that her sentencing enhancements violate the principles set forth in Blakely v. Washington, 124 S. Ct. 2531 (2004), and Apprendi v. New Jersey, 530 U.S. 466 (2000). Recently, the United States Supreme Court reaffirmed these principles. See United States v. Booker, 125 S. Ct. 738 (2005). The Supreme Court, however, clearly stated that its holding in Booker must be applied "to all cases on direct review." Id. at 25.

Subsequent to the decision in Booker, the Seventh Circuit ruled that Booker does not apply retroactively to criminal cases that became final before its release on January 12, 2005. See McReynolds v. United States, 397 F.3d 479 (7th Cir. 2005). Here, the defendant's case has run its course and her conviction and sentence became final in 2004, before Booker was issued, and its approach therefore does not apply here.

The Court therefore denies the defendant's motion to correct her sentence.

**AND IT IS SO ORDERED**.

_____
**C. WESTON HOUCK**
**UNITED STATES DISTRICT JUDGE**

May 16, 2005
Charleston, South Carolina